UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KINNAMON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC. and FAHEEM HASNAIN,<br><br>Defendants. | Case No.:  3:26-cv-2016-CAB-AHG<br><br>**ORDER REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>**[Doc. Nos. 12, 13, 15]** |

On March 31, 2026, Plaintiff Daniel Kinnamon sued Defendant Gossamer Bio, Inc. and Faheem Hasnain pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act. [Doc. No. 1.] Before the Court are three motions to appoint a lead plaintiff and lead counsel filed by Daniel Kinnamon, [Doc. No. 12], Martin Meienhofer, [Doc. No. 13], and PinHsu Lai, [Doc. No. 15], respectively.[1]  Both Kinnamon and Lai later filed notices of non-opposition to Meienhofer's motion.  [Doc. Nos. 16, 18.]

The Private Securities Litigation Reform Act ("PSLRA") establishes a rebuttable presumption that "the most adequate plaintiff" is the one that: (1) has either filed the

---

[1] John Papamechail also filed a motion but later withdrew it.  [Doc. Nos. 14, 19.]

complaint or made a motion in response to a notice, (2) in the determination of the court, has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Meienhofer meets all three requirements.  He timely filed his motion after Kinnamon published notice of this action.  He adequately alleges that he suffered the greatest financial loss at $109,043.64 and thus has the largest financial interest.  [Doc. No. 13-1 at 5]; *See In Re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("[T]he district court must identify which movant has the largest alleged losses[.]"). He also satisfies Rule 23, as he shows that (1) other class members were similarly injured by the same course of conduct as him, (2) neither he nor his counsel have any conflicts of interest with other class members, and (3) they will prosecute the action vigorously on behalf of the class.  *See Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 181 (D. Ariz. 2021).  Finally, no movant has opposed Meienhofer as the presumptive lead plaintiff.

Regarding designation of lead counsel, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  Meienhofer has selected Rosen Law Firm as lead counsel, which he states is experienced in securities fraud litigation and class actions. [Doc. No. 13-1 at 7–8.] The Court is satisfied that Rosen Law Firm will prosecute this action vigorously and competently.

Accordingly, the Court **GRANTS** Meienhofer's motion to appoint him as lead plaintiff and Rosen Law Firm as lead counsel, and **DENIES** Kinnamon's and Lai's motions.

It is **SO ORDERED**.

Dated:  July 7, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge